**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LESLIE HINDMAN AUCTIONEERS, INC., | ) ) ) | |
| Plaintiff, | ) ) | No. 14 C 5661 |
| v. | ) ) | Judge Jorge L. Alonso |
| PETER CHANG and CHENG GANG CAO, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff sues defendants for their alleged breach of contract. Defendants have filed a motion

to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

For the reasons set forth below, the Court denies the motion.

### Facts

On June 9, 2014, defendant Chang, a California resident, set up a telephone bidding account

with plaintiff for his employer, defendant Cao, a Chinese national who has a home in California, by

filling out plaintiff's bidding form and emailing it to plaintiff in Illinois. (Mem. Supp. Mot. Dismiss,

Ex. A, Chang Decl. ¶¶ 2, 4, 7-8; *id.*, Ex. B, Cao Decl. ¶¶ 2, 7-8.)  However, Chang did not indicate

on the form that he was Cao's agent; Chang simply signed it in his own name.  (*See* Pl.'s Mem.

Opp'n Mot. Dismiss, Russian Decl., Ex. 1, Bidding Form.)  The bidding form contains an Illinois

choice-of-law provision, and states:

> When making a bid, a bidder is accepting personal liability for the purchase price .
> . . , unless it has been explicitly agreed upon in writing with [plaintiff] before the
> commencement of the sale that the bidder is acting as agent on behalf of an identified

third party acceptable to [plaintiff], and that [plaintiff] will only look to the principal for payment.

(*See id.*)[1]

On June 11, 2014, plaintiff twice called Chang in California to ask about the payment arrangement for any winning bids. (Mem. Supp. Mot. Dismiss, Ex. A, Chang Decl. ¶¶ 9-10.) During the second call, Chang placed three bids, all of which he won at a total price of $1,171,500.00. (*Id.* ¶ 10; *id.*, Ex. B, Cao Decl. ¶¶ 9-10.) The same day, Cao placed twenty-five bids with plaintiff through an internet auction site, all of which he won at a total price of $173,250.00. (*Id.*, Ex. B, Cao Decl. ¶ 11.) Within the next few days, Cao wired $162,500.00 to plaintiff as partial payment for his purchases. (*Id.*, Ex. B, Cao Decl. ¶ 14.)

On June 17, 2014, Chang and Cao flew to Chicago to pick up one of the purchases, a Chinese bronze. (*Id.* ¶¶ 14-15.) After inspecting the piece, Cao concluded that it was not authentic and told Phyllis Kao, plaintiff's expert in Chinese bronzes, that he would not pay for it. (*Id.* ¶ 16.) Upon his return to California, Cao sent "several emails" to Kao explaining why he thought the bronze was fake and reiterating that he would not pay for it. (*Id.* ¶ 17.)

On June 26, 2014, plaintiff sent a demand letter to Chang. (Mem. Supp. Mot. Dismiss, Ex. A, Chang Decl. ¶ 13.) On June 27, 2014, plaintiff served Chang with a summons and complaint for this suit.

---

[1] Chang says he told plaintiff that he was acting solely as Cao's agent, an assertion plaintiff denies. (*See* Pl.'s Mot. Dismiss, Ex. A, Chang Decl. ¶¶ 9-10; Pl.'s Resp. Mot. Dismiss, Intihar Decl. ¶¶ 3-7; *id.*, Russian Decl. ¶¶ 3-4; *id.*, Ex. 1, Bidding Form; *id.*, Ex. 2 Email from Chang to Pl. (June 11, 2014) ("I would like to update my bid and I agree to terms and conditions [on the bid form].").) In any event, Chang does not contend or offer evidence that he made the disclosure in writing, as the bidding form requires.

**Discussion**

Federal courts sitting in diversity may exercise personal jurisdiction over nonresident defendants only if the forum-state court would have such jurisdiction. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). Illinois courts can "exercise jurisdiction on any . . . basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 Ill. Comp. Stat. 5/2-209(c). Because the state and federal standards are not substantively different, *Hyatt*, 302 F.3d at 715, the Court will address only the federal.

This Court can constitutionally exercise personal jurisdiction over defendants if they have sufficient "minimum contacts" with this state "'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.* at 716 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotation omitted)). If a defendant has "continuous and systematic general business contacts with the forum," he is subject to that forum's general jurisdiction and can be sued there for any cause of action. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997) (quotation omitted). If defendant's purposeful contacts with the forum are more limited, he is subject to its specific jurisdiction and can be sued there only if the suit arises out of those specific contacts. *Id.* Plaintiff argues that the Court has specific jurisdiction over defendants. In determining whether that is the case, the Court accepts as true the facts asserted by plaintiff and "resolve[s] any factual disputes in its favor." *uBID, Inc. v. GoDaddy Grp., Inc.,* 623 F.3d 421, 423-24 (7th Cir. 2010).

The existence of specific jurisdiction depends on defendants' "conduct and connection with the forum State," *i.e.*, whether they "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). "Jurisdiction is proper . . .

3

where [defendant's] contacts proximately result from actions by the defendant *himself* that create a substantial connection with the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quotation omitted) (emphasis original); *Madison Consulting Grp. v. State of S.C.*, 752 F.2d 1193, 1196 (7th Cir. 1985) ("[I]t is essential . . . that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.") (quotations omitted). When defendants' contacts with the forum arise from a contract, the court considers "the parties' prior negotiations and contemplated future consequences, along with the terms of the contact and the parties' actual course of dealing in determining whether there were sufficient minimum contacts." *Citadel Grp. v. Wash. Reg'l Med. Ctr.*, 536 F.3d 757, 763-64 (7th Cir. 2008) (quotation omitted).

The record shows that Chang and Cao:  (1) contacted plaintiff about participating in art auctions to be held in Illinois; (2) agreed to plaintiff's bid terms, which include an Illinois choice-of-law provision and require successful bidders to make payments to and pick up their purchases from plaintiff in Illinois; (3) participated by phone or internet in twenty-eight art auctions run by plaintiff in Illinois; (4) were the successful bidders in each of the twenty-eight auctions; (5) sent money to plaintiff in Illinois as partial payment for the purchases; (6) traveled to Illinois to pick up the purchases; and (7) communicated their refusal to pay for the bronze to plaintiff in Illinois.  In other words, the record establishes that Chang and Cao initiated a business relationship with an Illinois resident for the purchase of goods located in the state, consummated the relationship via wire communications to the state, traveled here to pick up the goods, and communicated their repudiation of the contracts to plaintiff in this state.  Given all of these purposeful contacts with Illinois, Chang and Cao should reasonably have expected to defend a lawsuit here.  *See Madison Consulting*, 752

F.2d 1202 ("The question of which party initiated or solicited a business transaction has long been considered pertinent to the constitutional propriety of personal jurisdiction in a suit arising out of the transaction."); *see also Citadel*, 536 F.3d at 763-64 (contractual relationship provided sufficient contacts when performance primarily occurred in the forum state); *Mid-Am. Tablewares, Inc. v. Mogi Trading Co., Ltd.*, 100 F.3d 1353, 1360-61 (7th Cir. 1996) (Japanese defendant's consummation of business deal via fax, mail and one visit to Wisconsin held sufficient for the state to exercise personal jurisdiction).

## Conclusion

For the reasons set forth above, the Court denies defendants' motion to dismiss for lack of personal jurisdiction [15].

**SO ORDERED.**                                    **ENTERED:    February 13, 2015**

_____
**HON.  JORGE ALONSO**
**United States District Judge**